David Hallett, State Bar No. #221828
Email: dhallett@buhalaw.com
Brandon Vegter, State Bar No. #234708
Email: bvegter@buhalaw.com
BUSCEMI HALLETT LLP
555 W Beech St, Ste 450
San Diego, CA 92101-2943
Tel: 619-231-5900
Fax: 619-231-5905

Attorneys for Plaintiff U'SAGAIN, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| U'SAGAIN, LLC, a Delaware limited liability company,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF BUENA PARK, a California municipal corporation,<br><br>   Defendant. | Case No.: 8:22-cv-839<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

  NOW COMES the Plaintiff, U'SAgain, LLC, and for its Complaint against Defendant, City of Buena Park, California, alleges as follows:

**<u>PARTIES</u>**

  1. Plaintiff U'SAgain, LLC, (hereinafter "USAgain" or "Plaintiff") is organized as a Delaware limited liability company. USAgain is headquartered in West Chicago, IL. USAgain's registered address in California is 1215 S Allec Street, Anaheim, CA 92805.

2.     Defendant City of Buena Park (hereinafter "City" or "Defendant") is a chartered municipal corporation existing under the laws of the State of California, located within Orange County.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this case pursuant to 28 USC § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 USC § 1343(a)(3), in that it is brought to redress constitutional violations and deprivations of law under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 42 USC § 1983, which provides causes of actions for the protection of civil and constitutional rights and damages; and under 42 USC § 1988, to secure costs and reasonable attorney fees as part of the case. This Court has supplemental jurisdiction over Plaintiff's California constitutional claims asserted herein as those claims form part of the same case or controversy as the federal questions asserted herein, pursuant to 28 USC § 1367(a).

4.     The venue in this action is proper within the Central District, Southern Division of California pursuant to 28 USC § 1391(b), in that (i) Plaintiff occupies property within this judicial district; (ii) Defendant is situated within this judicial district; and (iii) all the claims asserted by Plaintiff arose within this judicial district.

## NATURE OF ACTION

5.     This is a civil action wherein USAgain prays for declaratory judgment against Defendant City of Buena Park to prevent the City from acting under color of state law to deprive USAgain of its constitutional rights.

6.     Through this suit, USAgain prays for injunctive and declaratory relief from this Court, pursuant to 28 USC § 2201, 42 USC § 1983, and the Federal Rules of Civil Procedure, because the City's complete ban on donation bins within its jurisdiction is unconstitutional in that it deprives USAgain of certain rights and

privileges guaranteed under the United States and California Constitutions. Specifically, the Buena Park City Code, which consists of the Buena Park Municipal Code ("BPMC") and the Buena Park Development Code ("BPDC"), does not allow donation bins anywhere within the City and thereby bans the operation of donation bins within the City. However, upon information and belief, the City does not completely prohibit other types of outdoor receptacles to be used and located in the Buena Park. In sum, the City's ban on donation bins violates USAgain's rights under the Free Speech and Equal Protection clauses of the United States and California Constitutions.

7.    Plaintiff concurrently seeks immediate injunctive relief enjoining the City from enforcing its ban on donation bins and from taking any further enforcement action against USAgain's donation bins within the City.

## GENERAL ALLEGATIONS
## BACKGROUND

*USAgain and its Mission*

8.    Originally founded in 1999 in Seattle Washington, USAgain started with a mission to create a better world where people and planet are given the value and priority they deserve.

9.    USAgain's donation bins (also referred to as "Tree Machines" because USAgain arranges for a tree to be planted every time the donation bin is full) provide communities with a convenient and eco-friendly option to rid themselves of excess clothing, which is diverted from landfills. By exporting clothes and shoes to struggling countries USAgain helps improve the well-being of people around the world by putting clothes back in the use cycle, conserving precious natural resources and limiting the emission of greenhouse gases to fight Global Warming and the Climate Crisis.

10.    In California, USAgain operates as a "commercial coventurer."

Verified Complaint - 3

11.     California defines a "commercial coventurer" as "a person or organization who, for profit, is primarily engaged in a business other than in connection with raising funds for charitable purposes. A commercial coventurer raises money for charities by giving the charity a certain percentage from the sale of goods or services. A commercial coventurer represents to the public that the purchase or use of its goods or services will benefit a charitable organization."

12.     USAgain promotes and raises funds for charity by giving the charity, namely Trees for the Future, Inc., a registered 501(c) nonprofit organization, the cost of planting one tree for every 500 pounds (equivalent to 10 bags or 1 full donation bin) of clothes and shoes collected.

13.     USAgain operates donation collection bins ("donation bins" or "bins") at various private properties across the country—including on the private property of various religious worship centers and schools that wish to partner with and promote the same charitable causes, as well as on mall and gas station parking lots.

14.     Individuals can donate their used clothes, shoes, and other reusable textiles at these locations. Examples of USAgain's bins are shown below.

 

15.     USAgain's donation bins are the medium of expression by which USAgain silently solicits donated clothes and textiles and promotes the charitable causes referenced above.

Verified Complaint - 4

16.     USAgain's donation bins are placed on private properties to be easily visible and accessible by individuals looking to deposit donations.

17.     All USAgain's donation bins are clearly marked as belonging to USAgain and contain contact information for anyone to contact USAgain officials for any reason.

18.     USAgain representatives generally visit each of its donation bins on a daily basis to collect the donated goods and to avoid bin overflow and goods accumulating outside the bins.

19.     However, if a particular donation bin receives a higher-than-average volume of donations, USAgain representatives will visit and service that bin more frequently.

20.     If donations begin to accumulate outside a bin before USAgain officials make their daily visit, anyone can contact USAgain using the clearly provided contact information on the bin to inform USAgain of the overflow.

21.     USAgain is also able to provide 24/7 surveillance by using a camera that notifies USAgain of movement detected outside of the drop spot and allows USAgain to see if there is an overflow even before being reported by patrons.

22.     If USAgain receives a complaint about an overflowing or otherwise unsightly donation bin, its representatives are usually able to respond to the site and resolve the issue within 12 to 24 hours.

23.     Before placing its donation bins at any location, USAgain officials contact the property owner or manager and obtain permission to place the bins at a particular private property.

24.     USAgain's general practice is to execute a written agreement between itself and the property owner or business manager of each site where USAgain places a bin. The agreement includes the address of where the donation bin is placed, the name and title of the person who gave permission for USAgain to place its bin at

Verified Complaint - 5

that site, information regarding USAgain's commitment to maintaining the bin and keep its immediate vicinity clean, and a photograph of where the particular bin is located at that site.

**USAgain's Donation Bins in the City of Buena Park**

25.     Since 2012, USAgain has placed donation bins at various locations throughout the City of Buena Park.

26.     Over the years, USAgain has placed a total of fourteen donation bins throughout the City.

27.     In or about February 2022, the City of Buena Park, via Code Enforcement Officer Ernestine Zapien, instructed USAgain to remove its bin located at 41962 Buena Park Place in Buena Park, CA.

28.     In a letter dated February 4, 2022, counsel for USAgain wrote the City, with a copy e-mailed to City Attorney Christopher Cardinale, to inform the City of the constitutional rights that are implicated with donation bins. **Exhibit A**, citing among other cases *Planet Aid v. City of St. Johns, MI*, 782 F.3d 319, 325-26 (6th Cir. 2015) ("a charitable donation bin can—and does—"speak.") and *Recycle for Change v. City of Oakland*, 856 F.3d 666 (9th Cir. 2016) (upholding a municipal ordinance that regulated but did not completely ban donation bins).

29.     In the same letter, counsel for USAgain informed that City that upon review of the BPMC, the BPMC does not appear to make any provision for unattended donation bins within the City and asked the City to advise otherwise if USAgain's review was mistaken.

30.     Code Enforcement Officer Zapien confirmed receipt of USAgain's letter on February 7, 2022, and indicated that she would be forwarding it on to her Supervisor for further discussion and response.

31.     Without providing USAgain any further response, the City issued a letter dated February 24, 2022, requiring the removal of USAgain's donation bin

located at 8379 La Palma, Buena Park, CA.

32.     On March 7, 2022, counsel for USAgain e-mailed the City again asking for a response to USAgain's letter dated February 7, 2022, and to confirm whether it is Buena Park's position that donation drop spots or drop boxes are not allowed in any parking lots in Buena Park.

*Exhaustion of Administrative Remedies*

33.     On March 11, 2022, Buena Park's Code Enforcement Supervisor, Mario Camacho, instructed USAgain that it needed to ask the City's Planning Department where, if anywhere, Buena Park permits donation bins within its jurisdiction.

34.     On March 14, 2022, USAgain submitted an online application to the Planning Department via Buena Park's Citizen Services Portal asking where, if anywhere, Buena Park permits donation bins within its jurisdiction.

35.     According to Buena Park's website, the Planning Division "is responsible for the administration of the General Plan and implementation of the Zoning Ordinance and Specific Plans."

36.     On March 25, 2022, Monica Martin, the Senior Planner of the City of Buena Park's Planning Division, confirmed in writing that "the City does not allow outdoor clothing donation bins." March 25, 2022, *E-mail from City Senior Planner Monica Martin* attached as **Exhibit B**.

37.     On March 28, 2022, the City issued a letter designated its "Final Notice" requiring the removal of USAgain's donation bin located at 8379 La Palma, Buena Park, CA. The letter also says to "***correct the noted violation(s) by April 18, 2022***" and that "***Failure to correct these outstanding violations could result in legal action under the provisions of the Buena Park Municipal Code, which may include issuance of an Administrative Citation with fines ranging from $100 to $500.***" (Emphasis in original.)

38.     As a result of the City's failure to allow donation bins anywhere in the City and enforcement of its city-wide ban on donation bins, USAgain is entirely barred from locating any donation bins within the City for the purpose of soliciting donated clothing.

## FIRST CAUSE OF ACTION

### Violation of the United States Constitution Free Speech Clause: First and Fourteenth Amendments

39.     Plaintiff incorporates by this reference the allegations of paragraphs 1 through 38, inclusive, as though fully set forth herein.

40.     The Buena Park City Code is a compilation of the City's ordinances.

41.     The Buena Park City Code is organized into two parts: Part I is known as the "Buena Park Municipal Code" and consists of Titles 1 through 13, and Part II is known as the "Buena Park Development Code" and consists of Titles 14 through 20.

42.     The Zoning Ordinance is Title 19 of the Buena Park City Code and governs the "uses" that are permitted or prohibited within Buena Park.

43.     The Zoning Ordinance defines "use" as "the type of activity or occupancy occurring or intended to occur at a given location." 19.104.080 Definitions.

44.     The Buena Park Zoning Map divides Buena Park into different zones which allow or prohibit different uses. 19.104.060

45.     For each zone, the Zoning Ordinance provides a table which identifies what uses are permitted within that zone.

46.     Land uses that are identified in a table with a "P" are an automatically permitted use.

47.     Land uses that are identified in a table with an "I" are an incidental use—"use permitted only if incidental to another primary use on the same site. If

incidental to a use authorized by conditional use permit, such incidental use is permitted only if included within the terms of the conditional use permit."

48.    Land uses that are identified in a table with a "C" are a conditional use—"use eligible for consideration under the conditional use procedure (Section 19.128.020) and permitted only if a conditional use permit is approved, subject to the specific conditions of such permit."

49.    Land uses that are identified in a table with a "Ci" are an incidental conditional use—"use eligible for consideration under the conditional use procedure only if incidental to another primary use of the site, whether such primary use is automatically permitted or permitted by conditional use permit."

50.    Land uses that are identified in a table with an "IC" are an incidental or conditional use—"automatically permitted as an incidental use, when the primary use is automatically permitted, or eligible for consideration as a primary use under the conditional use procedure."

51.    Land uses that are identified in a table with a "T" are a "temporary use"—permitted if approved in accordance with Title 19, Division 10, which defines a temporary use as "an activity of less than thirty days duration.

52.    Land, buildings, and other facilities can only be used for those activities indicated in the tables for the various zones. *See, e.g.* Table 19.312.010, entitled Uses Permitted.

53.    The Zoning Ordinance does not list clothing donation bins as an allowed use (either as "P", "I", "C", "Ci", "IC", or "T") in any zone within Buena Park and therefore prohibits clothing donation bins throughout the City's jurisdiction.

54.    USAgain's donation bins do not qualify as a temporary use as they are not an activity of less than thirty days duration.

55.     As a result, and as confirmed by the City's senior planner on March 25, 2022, the City "does not allow outdoor clothing donation bins."

56.     The City's complete ban on donation bins violates the United States Constitution on its face and as applied to USAgain.

57.     The solicitation of charitable donations such as clothing, shoes, and other textiles is a form of speech fully protected by the First Amendment to the United States Constitution.

58.     USAgain has a constitutional right to engage in this protected speech and may not be prohibited from exercising this right unless Defendant can prove that its restriction on Plaintiff's speech does not burden substantially more speech than necessary and is narrowly tailored to further a substantial state interest.

59.     At all times alleged herein, Defendant has been and will continue to be acting under the color of state law and engaging in state action.

60.     Constitutionally protected activities may not be directly and substantially limited, diminished, prohibited, or chilled by state actions, including the actions of local governments such as Defendant, acting under the color of state law.

61.     Buena Park's ban on donation bins in the City directly, indirectly, and substantially limits USAgain, as well as a number of other entities, from engaging in constitutionally protected speech and expressive activity.

62.     Buena Park's ban on donation bins prohibits USAgain, as well as other similarly situated organizations, from engaging in protected speech and expressive activity in the City simply because these organizations utilize donation bins as a means of effectuating their right to free speech and promoting their messages.

63.     Buena Park's complete ban on donation bins is not supported by any legitimate state interests, nor is the Ordinance narrowly tailored to further said

interests, since the Buena Park's interests can all be attained without completely prohibiting constitutionally protected activities.

64. Upon information and belief, Buena Park regulates, but does not ban, other outdoor receptacles that are similar to donation bins and only differ in that they do not solicit donations.

65. Buena Park's ban on donation bins, therefore, constitutes a content-based restriction on speech, and completely extinguishes USAgain's ability to carry out its free speech rights by soliciting donations through its donation bins. By silencing USAgain's speech activity in its entirety, Defendant has impermissibly restrained the content of USAgain's speech.

66. USAgain is suffering and will continue to suffer irreparable harm by the City's enforcement of its ban on donation bins. Unless enjoined and made subject to a declaration of USAgain's legal rights by this Court, Buena Park will continue to violate USAgain's rights to solicit donations through its donation bins.

67. USAgain also suffers monetary damages as a result of a ban on donation bins.

## SECOND CAUSE OF ACTION

### California Constitution

### Freedom of Speech: Article 1, Section 2

68. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 66, inclusive, as though fully set forth herein.

69. Under Article 1, Section 2 of the California Constitution, "[a] law may not restrain or abridge liberty of speech or press."

70. Defendant has deprived and continues to deprive Plaintiff of its right to freedom of speech by adopting and enforcing a ban on donation bins, which bars USAgain from operating donation bins in the City, in violation of Article 1, Section 2 of the California Constitution. Unless enjoined and made subject to a declaration

of USAgain's legal rights by this Court, Buena Park will continue to violate USAgain's rights to solicit charitable donations at its donation bins.

### THIRD CAUSE OF ACTION

**Violation of the United States Constitution**

**Equal Protection Clause: Fourteenth Amendment**

**42 USC § 1983**

71. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 69, inclusive, as though fully set forth herein.

72. The Equal Protection Clause prohibits discrimination by a governmental entity that burdens a fundamental right.

73. The right to freedom of speech is a fundamental right.

74. Zoning ordinances and municipal codes that affect fundamental rights are subject to strict scrutiny.

75. Buena Park imposes and enforces a blanket prohibition barring organizations from operating clothing donation bins in the City. Unless enjoined and made subject to a declaration of USAgain's legal rights by this Court, Buena Park will continue to violate USAgain's rights to solicit donations through its donation bins.

76. The City's asserted interests are not "compelling" for purposes of a constitutional analysis.

77. Furthermore, the City's ban on donation bins is not narrowly tailored to achieve the City's alleged interests.

78. The City's disparate treatment of donation bins bears no rational relationship to any compelling state interests. Any interest, such as public safety, nuisance abatement or protecting property values, which compels the prohibition of donation bins in the City, must apply equally to all similarly situated receptacles.

79. Buena Park's ban on donation bins fails strict scrutiny review.

### FOURTH CAUSE OF ACTION

### Violation of the California Constitution

### Equal Protection: Article 1, Section 7

80.     Plaintiff incorporates by this reference the allegations of paragraphs 1 through 78, inclusive, as though fully set forth herein.

81.     Article 1, Section 7 of the California Constitution guarantees equal protection of the laws to all person.

82.     Defendant has deprived and continues to deprive Plaintiff of its right to equal protection of the laws by barring USAgain from operating donation bins in the City, while, upon information and belief, permitting non-soliciting, outdoor receptacles to operate in the City, in violation of Article 1, Section 7 of the California Constitution.

### PRAYER FOR RELIEF

**WHEREFORE,** USAgain respectfully requests a judgment against Defendant City of Buena Park on each and every count alleged herein as follows:

1. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

2. Pursuant to 28 USC § 2201, declare that the City's failure to allow donation bins anywhere within its jurisdiction is in violation of the First and Fourteenth Amendments to the United States Constitution, and further declare that Plaintiff must be allowed to operate donation bins in the City as a means of exercising its constitutional right to solicit donated clothes and promote its charitable causes;

3. Pursuant to 28 USC § 2202, Fed. R. Civ. P. 64, 42 USC § 1983,

and 42 USC § 2000cc-4, permanently enjoin Defendant from enforcing its Ordinance to the extent that it prevents USAgain from operating donation bins in the City;

4. Pursuant to 28 USC § 2202 and Fed. R. Civ. P. 64, award Plaintiff compensatory and nominal damages;

5. Pursuant to 28 USC § 2202, Fed. R. Civ. P. 65, 42 USC § 1983, and 42 USC § 1988, award Plaintiff all necessary and appropriate equitable relief;

6. Pursuant to 42 USC § 1988, Fed. R. Civ. P. 54(d), California GOVERNMENT CODE §800, and other applicable law, award Plaintiff its reasonable attorney fees and costs; and

7. Grant such other and further relief, injunctive or otherwise, as the Court deems equitable, just and proper.

Respectfully Submitted,

BUSCEMI HALLETT LLP

By:   /s/ David E. Hallett
DAVID E. HALLETT
dhallett@buhalaw.com
BRANDON J. VEGTER
bvegter@buhalaw.com
Tel: 619-231-5900

Attorneys for Plaintiff
U'SAGAIN, LLC

1

## VERIFICATION

I am the Chief Executive Officer of Plaintiff USAgain in the above-entitled action and am authorized to make this Verification on its behalf. I have read paragraphs 1, 8-10, 12-38, 54, 55, 61, 62, 66 of the Verified Complaint and know the contents thereof.  I certify that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I belief them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed on April  20 , 2022, at    Costa Mesa               , California.

_____

U'SAgain, LLC by:  Mattias Wallander
                    Its: Chief Executive Officer

Verified Complaint - 15

Exhibit A



33 North LaSalle • Suite 3350 • Chicago, Illinois • 60602   P: 312-235-6858

401 West State Street • Suite 509 • Rockford, Illinois • 61101   P: 312-235-6858

February 4, 2022

Ms. Ernestine Zapien
Code Enforcement Officer                    *Via email only to*
City of Buena Park                          *ezapien@buenapark.com*
6650 Beach Blvd.
Buena Park, CA 90622-5009

**Re: USAgain Charitable Donation Boxes in Buena Park, CA**

Dear Officer Zapien:

Please be advised that we represent USAgain, a professional fundraiser that operates clothing donation bins in many locations across California and the country. Our client has informed us that you recently instructed USAgain to remove its bin located at 41962 Buena Park Place and indicated that USAgain must apply for a Temporary Use Permit to place a bin at that location.

Under 19.1004.020(A) of the Buena Park Municipal Code ("BPMC"), a "temporary use" is defined as "an activity of less than thirty days in duration." Please be advised that USAgain's donation bin does not constitute a temporary use because it is not an activity of less than thirty days duration. Moreover, our review of the BPMC indicates that Buena Park does not make any provision for unattended donation bins within the City. If we are mistaken on this point, please advise.

We also write to inform the City that USAgain's constitutional rights are implicated by efforts to ban, or impose unlawful prior restraints upon, the placement of their unattended donation bins. The United States Supreme Court has long held that solicitation of charitable donations is a form of speech protected by the First Amendment. *Vill. of Schaumburg v. Citizens for Better Env't*, 444 U.S. 620, 633 (1980) ("[c]haritable appeals for funds, on the street or door to door, involve a variety of speech interests—communication of information, the dissemination and propagation of views and ideas, and the advocacy of causes—that are within the protection of the First Amendment."); *see also Int'l Soc'y for Krishna Consciousness v. Lee*, 505 U.S. 672, 677 (1992). Charitable solicitations are "so intertwined with speech that they are entitled to the protections of the First Amendment." *Sec'y of State of Md. v. Munson Co., Inc.*, 467 U.S. 947, 959 (1983).

In 2011, the Fifth Circuit Court of Appeals held that an ordinance that regulates charitable solicitation through unattended donation bins is subject to strict scrutiny. *Nat'l Fed'n of Blind of Tex., Inc. v. Abbott*, 647 F.3d 202 (5th Cir. 2011). As the court explained, "public receptacles are not mere collection points for unwanted items, but are rather silent solicitors and advocates for particular charitable causes." *Id.* at 213. In 2015, the Sixth Circuit Court of Appeals directly

addressed the free speech principles implicated by unattended donation bins. *Planet Aid v. City of St. Johns, MI*, 782 F.3d 318, 325-26 (6th Cir. 2015). As the Sixth Circuit explained,

> A charitable donation bin can—and does—"speak[.]"A passer-by who sees a donation bin may be motivated by it to research the charity to decide if he wants to donate—in so doing, the passer-by will gain new information about the social problem the charity seeks to remedy. Indeed, the donation bin may ultimately motivate citizens to donate clothing or shoes even if they had not previously considered doing so. The speech may not be unidirectional, either—a citizen faced with a choice among several bins from different charities may be inspired to learn more about each charity's mission in deciding which charity is consistent with his values, thus influencing his donation decision. In this way, donation bins in many respects mirror the passive speaker on the side of the road, holding a sign drawing attention to his cause.

Here, USAgain operates unattended donation bins in order to collect donated textiles, which it in turn sells and then uses the proceeds, in part, to publicize its views and advocate for numerous charitable causes; namely, Trees for the Future in Africa. This activity is clearly protected by the First Amendment. *Schaumburg*, 444 U.S. at 633; *Planet Aid*, 782 F.3d at 324. Therefore, USAgain's operation of unattended donation bins in order to solicit and collect charitable donations constitutes speech that is protected by the First Amendment.

Under strict scrutiny, the government may restrict speech to "serve its legitimate interests, but it must do so by narrowly drawn regulations designed to serve those interests without unnecessarily interfering with First Amendment freedoms." *Schaumburg*, 444 U.S. at 637; *Riley v. Nat'l Fed'n of Blind of N. Carolina, Inc.*, 487 U.S. 781, 788 (1988). As discussed by the Sixth Circuit in *Planet Aid,* a complete ban on unattended donation boxes is a content-based restriction of free speech subject to strict scrutiny. A law that is subject to strict scrutiny is presumed invalid by courts. In other words, a ban of donation bins, or a de facto ban as the case may be, violates the First Amendment and will be struck down. Similar cases have been brought in district courts in Illinois, Indiana, Michigan, Nebraska, and Texas, and they have all come to similar conclusions.

A ban on donation bins would fail strict scrutiny, because it would not be narrowly tailored to further the City's interests and is not the least restrictive means of furthering such interests. "A statute is narrowly tailored if it targets and eliminates no more than the exact source of the 'evil' it seeks to remedy." *Frisby v. Schultz*, 487 U.S. 474, 485 (1988). While regulating charitable solicitation is permissible, it "must be done with narrow specificity." *Schaumburg*, 444 U.S. at 627. "Broad prophylactic rules in the area of free expression are suspect. Precision of regulation must be the touchstone[.]" *Id.* at 637 (internal citations omitted).

Moreover, when a zoning scheme operates as a system of prior restraint on First Amendment protected activity, there is a heavy presumption against its constitutionality. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225 (1990); *see also Blue Moon Ent., LLC v. City of Bates City, Mo.*, 441 F.3d 561, 565 (8th Cir. 2006) (upholding facial challenge to a CUP requirement for a First Amendment protected use as a prior restraint). Here, if the City insists on treating

2

USAgain's donation bins as a "temporary use," even though it is not an activity of less than thirty days duration, the City will be imposing a prior restraint USAgain's speech. Under 19.1004.030, an "temporary use" applicant must submit an application at least 30 days prior to the intended activity and pay an undisclosed fee. Moreover, 19.1004.05 provides that the "Director shall have the right to refuse such permit if he or she determines that the granting of same or the conduct of the use will be contrary to the preservation of the public peace, health, safety, or welfare of the City or its inhabitants." This is language provides the Director nearly unfettered discretion and lacks the narrow, definite, and objective standards required for prior restraints on speech. *See also,* Shelley Ross Saxer, Zoning Away First Amendment Rights, 53 Wash. U. J. Urb. & Contemp. L. 1, 34 (1998). Such a permitting scheme is not narrowly designed to address the possible secondary effects of donation bins or allow for their prompt placement, *see, e.g. Recycle for Change v. City of Oakland*, 856 F.3d 666 (9th Cir. 2016).

My client understands and agrees with the municipal interest in securing a clean and well-maintained community. This is why USAgain is committed to supporting reasonable, constitutional regulation of unattended donation boxes. To that end, we have worked with many communities throughout the United States in the past to arrive at mutually beneficial and commonsense solutions to these issues. That is my client's desire in this instance. However, if the City is unwilling to work with us to secure our client's ability to operate its unattended donation boxes in Buena Park, we are prepared to defend its constitutional rights.

We respectfully ask the City to refrain from taking any further enforcement action related to the bin located at 41962 Buena Park Place or any other of USAgain's donation bins in Buena Park. If I have in any way overlooked or misread any applicable municipal ordinances, please let me know. If you or the City Attorney should have any further questions or concerns regarding this matter, I may be reached at (815) 986-8050 or nsterett@daltontomich.com. We would be happy to discuss how we can work together to put in place practical regulations for unattended donation bins in Buena Park that reflect the constitutional principles highlighted above. We look forward to the City's response.

Sincerely,
**DALTON & TOMICH PLC**

Noel W. Sterett

cc:  Client
    City Attorney Christopher Cardinale at CCardinale@agclawfirm.com

Exhibit B

**From:** City of Buena Park, CA <noreply@viewpointcloud.com>
**Date:** Friday, March 25, 2022 at 4:35 PM
**To:** Noel Sterett <nsterett@daltontomich.com>
**Subject:** Monica Martin commented on Inquiry Research for On-line Planning & Zoning Questions #PZ-22-138

## City of Buena Park, CA

Monica Martin commented on Inquiry Research for On-line Planning & Zoning Questions #PZ-22-138

**"Hi Noel,**

**The City does not allow outdoor clothing donation bins. "**

**View Details**